**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**ANA DE LA O,**
6238 N 20th St., Philadelphia, PA 19138

*Plaintiff,*

v.

**MARKWAYNE MULLIN**, *in his official capacity as Secretary of Homeland Security*,
Department of Homeland Security
2707 Martin Luther King Jr. Ave. SE
Washington, DC 20528;

**JOSEPH EDLOW**, *in his official capacity as Director U.S. Citizenship and Immigration Services,*
U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive
Camp Springs, MD 20588;

**MARCO RUBIO**, *in his official capacity as Secretary of State,*
U.S. Department of State
2201 C Street NW
Washington, DC 20520;

**MORA NAMDAR**, *in her official Capacity as Director Bureau of Consular Affairs,*
Bureau of Consular Affairs
600 19th Street, NW,
Washington, DC 20036,

*Defendants.*

Civil Action No.:

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF**

**UNDER THE ADMINISTRATIVE PROCEDURE ACT**

To the Honorable Judge of Said Court:

**INTRODUCTION:**

Plaintiff seeks an order compelling Defendants to promptly transfer the approved Form I-130, Petition for Alien Relative (hereinafter 'the Form I-130') to the National Visa Center, resume and complete processing of the petition, schedule and conduct any required interview, and provide a complete status update regarding the petition's current stage, any outstanding actions, and the anticipated timeframe for further processing.

**PARTIES**:

1. Plaintiff's brother, Edgar De La O (now deceased), was a U.S. citizen who filed an I-130 Petition for Alien Relative on behalf of his sister, Plaintiff Ana de la O, based on her eligibility as the sibling of a U.S. citizen. Form I-130 allows U.S. citizens and lawful permanent residents to request that certain family members be granted lawful permanent residence status in the U.S. Following his death, Defendants' correspondence identified the petitioner as the "Estate of Edgar De La O."

2. Plaintiff, Ana De La O, whose address is 6238 N 20TH ST., PHILADELPHIA, PA 19138, is a citizen and national of El Salvador. Plaintiff Ana De La O is the beneficiary of the approved I-130 Petition for Alien Relative filed by her brother, Edgar De La O.

3. Defendant Markwayne Mullin is the Secretary of the Department of Homeland Security (hereinafter DHS), an agency of the U.S. government responsible for implementing and enforcing the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq. (hereinafter INA). The DHS is an agency which is also involved in administrative processing for nonimmigrant visas. Defendant Mullin is sued in his official capacity.

4. Defendant Joseph Edlow the Director of U.S. Citizenship and Immigration Services (hereinafter USCIS). Defendant Edlow is charged with administration of services under the INA and is further authorized to delegate such powers and authority to subordinate employees of the Bureau of U.S. Citizenship and Immigration Services. *See* 8 U.S.C. Sect. 1103(a)(4). USCIS is responsible for adjudicating all applications and petitions for immigration benefits, including Form I-130 petitions and the subsequent transfer of I-130 petitions to the National Visa Center. Defendant Edlow is sued in his official capacity.

5. Defendant Marco Rubio is the Secretary of State and as such has supervisory control over the Department of State (hereinafter DOS) and its employees and agents, including the staff of the U.S. Consulate in El Salvador. The DOS is an agency of the United States Government that has an integral role in the visa application and adjudication

process. Defendant Rubio also has supervisory authority over the Visa Office in Washington D.C. and its employees who conduct administrative processing for nonimmigrant visa cases. Defendant Rubio is sued in his official capacity.

6. Defendant Mora Namdar oversees the Bureau of Consular Affairs within the U.S. Department of State. The National Visa Center (hereinafter NVC) is a component of the Bureau of Consular Affairs. After receiving approved immigrant visa petitions from U.S. Citizenship and Immigration Services, the NVC performs clerical and administrative functions related to immigrant visa processing, including the creation of visa case records and the collection and review of required applications and supporting documentation before cases are forwarded for adjudication by consular officers at U.S. embassies and consulates abroad. Acting under authority delegated by Defendant Rubio, Defendant Namdar oversees the Bureau of Consular Affairs and its component offices, including the NVC, and is responsible for policies, procedures, and operations relating to immigrant visa processing. Defendant Namdar is sued in her official capacity.

**JURISDICTION:**

7. This is a lawsuit brought to compel a decision of a government agency pursuant to by 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges, and immunities secured by the Plaintiff, by which jurisdiction is conferred to compel the Defendants and those working under them to perform the duties that they owe to Plaintiff.

8. Jurisdiction is also conferred by 5 U.S.C. § 704. Plaintiff is aggrieved by adverse executive agency action or inaction, as the case may be, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts. See 5 U.S.C. §§ 702 et seq.

9. Plaintiff also invokes the aid of the Court under 28 U.S.C. §§ 2201 and 2202, which authorize declaratory judgments, including the relief she seeks.

**VENUE:**

10. Venue is proper in the United States District Court for the Eastern District of Pennsylvania, in that this is an action against officers and agencies of the United States in their official capacities and brought in a district where the Plaintiff resides, and no real property is involved in the action. See 28 U.S.C § 1391(e)(1).

**REMEDY SOUGHT:**

11. Plaintiff seeks an order compelling Defendants, and subordinates acting under their direction or authority, to: (a) transfer Plaintiff's approved Form I-130 petition to the National Visa Center ("NVC") for continued processing; (b) take all actions necessary

to resume and complete the processing of the approved petition without further unreasonable delay; and (c) provide Plaintiff with notice identifying the petition's precise stage of processing, the date on which the petition entered that stage, any action or documentation then outstanding, the agency or office responsible for taking the next required action, and the anticipated timeframe for such action.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES:**

12. Plaintiff has, over the course of years, attempted to comply with the administrative remedies and self-service tool provided by USCIS, the National Visa Center, and the Department of State to address processing errors and delays, including online and digital self-service tools, direct inquiries and service requests, and even congressional liaison assistance. The provided remedies have not compelled Defendants to proceed in accordance with their own rules and regulations.

**CAUSE OF ACTION**:

**(APA – Unreasonable Delay)**

13. That Plaintiff re-alleges and incorporates by reference paragraphs one through twelve, above.

14. That on May 16, 2003, Plaintiff Ana De La O's brother filed a Form I-130 Petition for Alien Relative with Defendant U.S. Citizenship and Immigration Services ("USCIS"), seeking to classify Plaintiff as the sibling of a United States citizen ("USC"). A copy of the USCIS Approval Notice noting the receipt date of the petition is attached as Exhibit A.

15. At the time of filing, Plaintiff resided in El Salvador, and her brother intended for her to obtain lawful permanent resident status through consular processing at the United States Embassy in El Salvador.

16. That I-130 petition was approved on April 12, 2010. A copy of the USCIS Approval Notice is attached as Exhibit A.

17. Plaintiff was a member of a political group targeted for persecution in El Salvador. Fearing for her safety because of her political affiliation, she fled El Salvador and entered the United States to seek asylum. After entering the United States, Plaintiff was apprehended by immigration authorities, served with a Notice to Appear, and placed in removal proceedings before the immigration court. A copy of the Notice to Appear is attached as Exhibit B.

18. Plaintiff, through prior counsel, moved for administrative closure of her removal proceedings so that she could await visa availability and apply for a provisional unlawful presence waiver before departing the United States for consular processing.

Administrative closure would temporarily pause removal proceedings while USCIS adjudicated her pending family-based immigration case.

19. Plaintiff's eligibility for an immigrant visa was based on an approved Form I-130, Petition for Alien Relative, filed by her U.S.-citizen brother. However, because visas in the sibling-of-U.S.-citizen category are numerically limited, Plaintiff was required to wait until her priority date became current before she could proceed with immigrant visa processing.

20. Administrative closure also allowed Plaintiff to apply for a Form I-601A, Application for Provisional Unlawful Presence Waiver, which was necessary for her to complete consular processing based on her approved Form I-130 petition. Plaintiff's Form I-601A was granted on April 8, 2019. A copy of the I-601A Approval Notice is attached as Exhibit C.

21. On January 11, 2018, the immigration court granted Plaintiff's motion for administrative closure. A copy of the immigration court's order from January 11, 2018, granting administrative closure is attached as Exhibit D.

22. Plaintiff's brother was killed in a traffic accident on May 8, 2021. A copy of Plaintiff's brother's death certificate is attached as Exhibit E.

23. On September 29, 2021, USCIS notified Plaintiff that the Department of State had returned the petition to USCIS for revocation because the petitioner had died, pursuant to 8 C.F.R. § 205.1(a)(3)(i)(C) and informed the Plaintiff that she could request humanitarian re-instatement of the case, a remedy under the regulations, 8 C.F.R. § 205.1(a)(3)(i)(C)(2), which would allow for the case to continue processing despite the Petitioner's death. A copy of the USCIS Revocation Notice is attached as Exhibit F.

24. Plaintiff requested from USCIS the reinstatement of her case on November 18, 2021. A copy of the cover page for the request for reinstatement, with the USPS tracking number, is attached as Exhibit G.

25. On September 9, 2024, Plaintiff received notice from USCIS that the case had been re-instated and would resume processing. A copy of the re-instatement notice (referred to by USCIS as "Notice of Affirmation") is attached as Exhibit H.

26. Plaintiff continued to check the status of her case and made inquiries with both USCIS and the National Visa Center (NVC). On January 28, 2025, Plaintiff received a case status update notifying her that her case had been reaffirmed and mailed back to the NVC for continued processing. A copy of the Case Status Update is attached as Exhibit I.

27. On April 2, 2025, Plaintiff received an email from the NVC notifying her that her case was processed by NVC and documentarily complete, meaning that the NVC had all

documents required and that the NVC would forward her case to the Embassy in El Salvador for scheduling of an interview before the adjudication of the Plaintiff's case. A copy of the email from the NVC is attached as Exhibit J.

28. After this email, Plaintiff waited six months without receiving any communication from the Embassy. During that time, Plaintiff contacted both USCIS and the NVC regarding the status of her case. However, Defendants USCIS and the NVC continued to maintain that the other agency possessed Plaintiff's case film. A copy of the inquiries is attached as Exhibit K.

29. On October 24, 2025, Plaintiff reached out to the local USCIS Philadelphia field office for assistance in tracking her case. A USCIS Philadelphia field officer worked over a series of weeks to ensure that the NVC was processing the Plaintiff's case. USCIS field officer assured Plaintiff's counsel that Plaintiff's case was with the NVC. A copy of the emails is attached as Exhibit L.

30. However, Plaintiff has received no update on her case from Defendants and current inquiries with each Defendant provide conflicting responses as to whom has the Plaintiff's case and what stage of processing the case is in. Moreover, the Plaintiff's recent request for information about her case under the Freedom of Information Act suggests that the location of the physical file/application is unknown. See September 14, 2026, Response from NVC as Exhibit M.

31. Plaintiff has no way to resolve these contradictory responses.

32. There is no reasonable basis for the NVC, nor the USCIS to fail to act as required by law and their own internal agency regulations in the preceding days.

33. The NVC's and USCIS's continued errors have failed to resolve the processing issue or secure performance of their respective required duties.

34. Plaintiff is harmed by this delay because she cannot pursue her immigrant visa application or plan for her future, including the care of her 86-year-old U.S. citizen mother and three U.S. citizen children. At present, Plaintiff is stranded in the United States while she awaits the ability to travel abroad and attend her immigrant visa interview. She cannot do so until USCIS sends the approved I-130 petition to the NVC, and the NVC thereafter opens a Department of State case file for her.

35. Uncertainty about Plaintiff's future has caused her great emotional, financial, and personal distress.

36. Defendants have no reasonable basis for failing to transfer the approved I-130 petition, for failing to open a Department of State case file for Plaintiff, or for failing to forward Plaintiff's case to the U.S. Embassy in El Salvador for continued processing and interview scheduling. Nor are Defendants' actions reasonable given their repeated and conflicting responses to inquiries concerning Plaintiff's case and the status and

location of the case file.

37. Plaintiff has a legal right to this action.

38. Mandamus is appropriate in Plaintiff's case because the administrative remedies have been exhausted, and no remedy is available to her at law.

**PRAYER:**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

39. Take jurisdiction over this matter;

40. Declare that Defendants have violated the Administrative Procedure Act by unreasonably delaying the transfer of the approved I-130 petition to the NVC, by failing to open a Department of State case file for Plaintiff, and by failing to forward Plaintiff's case to the U.S. Embassy in El Salvador for continued processing and interview scheduling.

41. Compel Defendants to perform their respective duties by transferring the approved I-130 petition to the NVC and opening a Department of State case file for Plaintiff within 15 days;

42. Grant such other relief as may be proper under the circumstances, and grant attorneys' fees and costs of court pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2141(d), *et seq*.

43. Plaintiff further prays that, if Defendants' decision is adverse to her interests, the decision includes justification and explanation for Defendants' action. Plaintiff seeks this explanation to preclude the sense of retaliation for bringing this lawsuit or exposing Defendants' inefficiency to senior officers of USCIS or the State Department and other involved governmental agencies and officers within the Executive Branch.

44. Grant any and all further relief this Court deems just and proper, including legal fees pursuant to the Equal Access to Justice Act. See 28 USC §2421.

Respectfully Submitted,

Date: 11/25/26

*/S/ Kimberly A Lauinger*

Kimberly Lauinger, Esquire

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I certify that on November 25, 2026, this memorandum was filed using the Court's CM/ECF system. All party counsel are e-filers and will receive a copy via ECF.

/s/ Kimberly A. Lauinger
Kimberly A Lauinger, Esq. (PA ID 328260)
Catholic Charities of Philadelphia
222 N. 17th Street, Suite 901
Philadelphia, PA 19103
(215) 854-7016
Attorney for Plaintiff